UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE RIVERA; CARMEN MARTINEZ, | No. 2:22-cv-0346 DAD DB PS |
| Plaintiffs, | ORDER |
| v. | |
| CALIFORNIA COMMUNITY HOUSING AGENCY, et al., | |
| Defendants. | |

Plaintiffs George Rivera and Carmen Martinez are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned are defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and plaintiffs' motion for an extension of time. (ECF Nos. 5 & 9.) For the reasons stated below, defendants' motion to dismiss is granted and plaintiffs are granted leave to file a second amended complaint.

## BACKGROUND

Plaintiffs, proceeding pro se, commenced this action on February 22, 2022, by filing a complaint and paying the applicable filing fee. (ECF No. 1.) Plaintiffs are proceeding on an amended complaint filed on May 6, 2022. (ECF No. 3.) The amended complaint alleges that

1

plaintiffs leased a residence in Fairfield, California. (Am. Compl. (ECF No. 3) at 2.[1]) Defendant California Community Housing Agency ("CCHA") became the owner of the property on August 29, 2019. (Id.) Defendant CCHA hired defendant law firm Greene, Fidler & Chaplan "to sue Plaintiffs" and "to evict Plaintiffs from the premises." (Id. at 2, 4.) This resulted in an unlawful detainer action against plaintiffs for "wrongful holdover." (Id. at 5.) The unlawful detainer action "remains pending" and plaintiffs "request this Court to join the two actions[.]"[2] (Id. at 7.) Pursuant to these allegations the complaint asserts causes of action for retaliation, malicious prosecution, breach of contract, and restitution.[3] (Id. at 8-11.)

On May 27, 2022, defendants filed a motion to dismiss. (ECF No. 5.) On July 18, 2022, plaintiffs filed a motion for an extension of time to file an opposition. (ECF No. 9.) On August 22, 2022, plaintiff filed an opposition.[4] (ECF No. 12.) Defendants filed a reply on August 25, 2022. (ECF No. 14.) On August 30, 2022, defendants' motion to dismiss was taken under submission. (ECF No. 16.)

**STANDARDS**

**I.    Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] According to defendants, "the state court entered a judgment in favor of CCHA and against [plaintiffs] in the amount of $35,040.46." (Defs.' MTD (ECF No. 5) at 6.)

[3] The amended complaint asserts that the court has diversity jurisdiction over these state law claims. Defendants' motion to dismiss argues that plaintiffs have failed to establish that the amount in controversy meets the jurisdictional requirement. While the undersigned shares defendants' concerns, given the vague and conclusory nature of the amended complaint and the need for plaintiffs to amend, the undersigned cannot yet reach this issue.

[4] Plaintiffs' motion for an extension of time to file an opposition (ECF No. 9) will be granted *nunc pro tunct*.

F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

////

**ANALYSIS**

Review of the amended complaint finds that defendants' motion to dismiss should be granted. In this regard, the amended complaint consists of vague, conclusory, and conspiratorial allegations. For example, the amended complaint alleges that defendants "began their retaliation," after plaintiffs disputed "illegal late fees" by serving a 3-day notice to pay rent or quit. (Am. (Compl. (ECF No. 3) at 3.) It was defendants' "ploy to thereby evict for nonpayment of rent to conceal its retaliatory motive." (Id. at 4.) Defendant law firm Greene, Fidler & Chaplan "greedily" accepted the representation of defendant CCHA—"[t]his being the kind of malicious prosecution for which Fidler is notorious"—and filed an unlawful detainer action "suborning perjury[.]" (Id. at 5.) Defendant Fidler dismissed the first unlawful detainer action, which "was not a voluntary dismissal, but indicated the innocence of the Plaintiffs[.]" (Id. at 7.)

While it is clear that plaintiffs disagree with some aspect of their rental agreement, the basis of that disagreement is entirely unclear. And it is far from clear that any action of the defendants was illegal, given defendants' assertion that the second unlawful detainer action against plaintiffs resulted in a judgment against the plaintiffs.[5] (Defs.' MTD (ECF No. 5) at 6.) Most importantly, it is entirely unclear how the action of any defendant supports a claim asserted in the amended complaint.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

---

[5] Analysis of this action would be aided by the submission of a copy of the state court judgment referred to by defendants.

In this regard, the amended complaint alleges that the defendants "did not want tenants who dared to exercise their rights and were brave enough to stand up against a rich and powerful landlord in defiance," and thus "consciously and deliberately chose to continue and escalate their retaliation" by filing the unlawful detainer actions against plaintiffs. (Am. Compl. (ECF No. 3) at 8.) In California it is unlawful if a "lessor retaliates against the lessee because of the exercise by the lessee of the lessee's rights . . . and if the lessee of a dwelling is not in default as to the payment of rent[.]" Cal. Civil Code § 1942.5(a). Here the amended complaint fails to clearly articulate how plaintiffs exercised a right while also not being in default as to the payment of rent.

The amended complaint also attempts to assert a claim for "malicious prosecution." (Am. Compl. (ECF No. 3) at 9.) "Malicious prosecution consists of initiating or procuring the arrest and prosecution of another under lawful process, but from malicious motives and without probable cause." Sullivan v. County of Los Angeles, 12 Cal.3d 710, 720 (Cal. 1974). Here, there are no allegations concerning arrest or prosecution.

Instead, plaintiffs may be attempting to allege a claim for the wrongful use of civil proceedings, a tort that is a type of malicious prosecution claim. However, to allege such a claim plaintiffs must establish that: (1) the defendants were actively involved in bringing a lawsuit against plaintiffs; (2) the lawsuit ended in plaintiffs favor; (3) no reasonable person in defendants' position would have believed there were reasonable grounds to bring the lawsuit; (4) defendants acted primarily for a purpose other than succeeding on the merits; and (5) defendants' conduct was a substantial factor in causing harm to plaintiffs. See Acres Bonusing, Inc. v. Ramsey, Case No. 19-cv-5418-WHO, 2022 WL 17170856, at *5 (N.D. Cal. Nov. 22, 2022).

Establishing that the prior lawsuit ended in plaintiffs' favor requires a showing that the termination reflects "the merits of the action and the plaintiff[s]' innocence of the misconduct alleged in the lawsuit." Siebel v. Mittlesteadt, 41 Cal.4th 735, 741 (Cal. 2007). A "technical or procedural termination" does not satisfy this requirement. Casa Herrera, Inc. v. Beydoun, 32 Cal.4th 336, 342 (Cal. 2004). Here, the amended complaint does not contain allegations setting forth these requirements.

////

Moreover, plaintiffs are advised that under the Rooker-Feldman doctrine a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well. Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted).

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158); see also Exxon, 544 U.S. at 286 n. 1 ("a district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n. 16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16, 485).

////

Finally, with respect to defendant CCHA plaintiffs are advised that the "California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part." Mangold v. California Public Utilities Com'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Plaintiffs "must allege compliance or circumstances excusing compliance" in the complaint. Id. Plaintiffs cannot satisfy this requirement by relying on "mere legal conclusion." Cardenas v. Cnty. of Tehama, 476 F.Supp.3d 1055, 1070 (E.D. Cal. 2020).

Accordingly, for the reasons stated above, the undersigned finds that plaintiffs' amended complaint should be dismissed.

### III.   Leave to Amend

The undersigned has carefully considered whether plaintiffs could further amend the complaint to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, given the vague and conclusory nature on the complaint the undersigned cannot find that granting plaintiffs further leave to amend would be futile. Plaintiffs, therefore, will be granted leave to file a second amended complaint. Plaintiffs are cautioned, however, that if plaintiffs elect to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiffs are also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be

complete in itself without reference to prior pleadings.  The second amended complaint will supersede the amended complaint just as the amended complaint superseded the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in the second amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.  Any amended complaint which plaintiffs may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiffs' claims.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' May 27, 2022 motion to dismiss (ECF No. 5) is granted;

2. Plaintiffs' July 18, 2022 motion for an extension of time (ECF No. 9) is granted;

3. The amended complaint filed May 6, 2022 is dismissed with leave to amend;

4. Within twenty-eight days from the date of this order, a second amended complaint may be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.  The second amended complaint must bear the case number assigned to this action and must be titled "Second Amended Complaint"; and

5. Plaintiffs are cautioned that the failure to timely comply with this order may result in the imposition of an appropriate sanction including the recommendation that this matter be dismissed.[6]

Dated:  December 27, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\rivera0346.mtd.ord

---

[6] Alternatively, if plaintiffs no longer wish to pursue this action plaintiffs may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.