1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GEORGE RIVERA; CARMEN                No.  2:22-cv-0346 DJC DB PS
      MARTINEZ,
12

13                      Plaintiffs,        ORDER AND

14         v.                              FINDINGS AND RECOMMENDATIONS

15    CALIFORNIA COMMUNITY HOUSING
      AGENCY, et al.,
16

17                      Defendants.

18

19          Plaintiffs George Rivera and Carmen Martinez are proceeding in this action pro se.  This

20    matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. §

21    636(b)(1).  Pending before the undersigned are plaintiffs' motion to dismiss a party and

22    defendants' motion to dismiss the second amended complaint pursuant to Rule 12(b)(6) of the

23    Federal Rules of Civil Procedure.  (ECF Nos. 18 & 19.)  For the reasons stated below, plaintiffs'

24    motion to dismiss is denied as having been rendered moot.[1]  Moreover, the undersigned

25    recommends that defendants' motion to dismiss be granted without further leave to amend.

26    _____

27    [1] Plaintiffs' motion to dismiss seeks to dismiss defendant AMFP III Verdant, LLC.  However, as
      the motion acknowledges, the second amended complaint does not name defendant AMFP III
      Verdant, LLC as a defendant.  (ECF No. 18 at 1.)  Thus, that defendant has been dismissed as a
28    result of plaintiffs' amendment.

                                          1

# BACKGROUND

Plaintiffs, proceeding pro se, commenced this action on February 22, 2022, by filing a complaint and paying the applicable filing fee.  (ECF No. 1.)  Plaintiffs are proceeding on a second amended complaint filed on January 23, 2023.  (ECF No. 19.)  The second amended complaint alleges that defendants California Community Housing Agency ("CCHA"), "a political subdivision of the State of California," and the law firm of Greene, Fidler & Chaplan have "[f]or almost three years . . . consciously and deliberately chose to pursue obtaining possession of the plaintiffs' premises by unlawful means through two unlawful detainer cases."  (Sec. Am. Compl. (ECF No. 19) at 2-3.[2])

In this regard, in August of 2019, plaintiffs were renting property that was sold to defendant CCHA.  (Id. at 5.)  Plaintiffs evidently failed to pay rent and received "a 3-day notice dated August 20, 2019[.]"  (Id. at 6.)  Thereafter, plaintiffs attempted to tender a payment of $2,600, but that amount did not include $385.33 in "utility and late fees," and thus was rejected.  (Id.)  Thereafter, the parties engaged in two unlawful detainer actions, with the second action ending in a judgment against plaintiff Rivera.[3]  (Id. at 9.)  Pursuant to these allegations the complaint asserts causes of action for malicious prosecution, breach of contract, the intentional infliction of emotional distress, and the negligent infliction of emotional distress.[4]  (Id. at 19-23.)

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[3] Although plaintiffs allege that "this judgment was decided under fraudulent circumstances," the plaintiffs "do not intend to appeal that judgment in the instant case."  (Sec. Am. Compl. (ECF No. 19) at 3.)  Any such attempt would be barred under the Rooker-Feldman doctrine, pursuant to which a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see also Busch v. Torres, 905 F. Supp. 766, 771 (C.D. Cal. 1995) ("The gravamen of plaintiff's complaint is a challenge to the state court judgment in the unlawful detainer action and the subsequent enforcement of the judgment through the writ of possession.  Under the Rooker–Feldman doctrine, this Court is precluded from reviewing that judgment and its execution.").

[4] The second amended complaint asserts that the court has diversity jurisdiction over these state law claims.  Defendants' motion to dismiss argues that the defendants "will be able to establish" that any harm suffered by plaintiffs is less than the $75,000 jurisdictional threshold.  (Defs.' MTD

1  On February 16, 2023, defendants filed the pending motion to dismiss.  (ECF No. 20.)

2  Plaintiffs filed an opposition on March 2, 2023.  (ECF No. 22.)  On March 17, 2023, defendants

3  filed a reply.  (ECF No. 23.)  Plaintiffs filed sur-reply on March 27, 2023.[5]  (ECF No. 25.)  On

4  March 28, 2023, defendants' motion to dismiss was taken under submission.  (ECF No. 24.)

5  **STANDARDS**

6  **I.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

7  The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

8  sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

9  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

10  sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

11  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

12  relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A

13  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

14  the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v.

15  Iqbal, 556 U.S. 662, 678 (2009).

16  In determining whether a complaint states a claim on which relief may be granted, the

17  court accepts as true the allegations in the complaint and construes the allegations in the light

18  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

19  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

20  stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

21  520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

22  ////

23

---

24  (ECF No. 20) at 8.)  In the event these findings and recommendations are not adopted in full, the
undersigned would consider setting briefing "on this issue and set a reasonable procedure in the

25  first instance so that each side has a fair opportunity to submit proof."  Ibarra v. Manheim

26  Investments, Inc., 775 F.3d 1193, 1200 (9th Cir. 2015).

27  [5] The filing of a sur-reply is not authorized by the Federal Rules of Civil Procedure or the Local
Rules.  See Fed. R. Civ. P. 12; Local Rule 230.  Nonetheless, in light of plaintiffs' pro se status,

28  the undersigned has considered the sur-reply in evaluating defendants' motion to dismiss.

3

1  form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th
2  Cir. 1986).

3      While Rule 8(a) does not require detailed factual allegations, "it demands more than an
4  unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A
5  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the
6  elements of a cause of action."  Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676
7  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory
8  statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove
9  facts which it has not alleged or that the defendants have violated the . . . laws in ways that have
10 not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,
11 459 U.S. 519, 526 (1983).

12     In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted
13 to consider material which is properly submitted as part of the complaint, documents that are not
14 physically attached to the complaint if their authenticity is not contested and the plaintiff's
15 complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles,
16 250 F.3d 668, 688-89 (9th Cir. 2001).

17                            **ANALYSIS**

18 **I.     Defendants' Motion to Dismiss**

19     Review of the second amended complaint and defendants' motion finds that defendants'
20 motion to dismiss should be granted, as the second amended complaint is deficient in several
21 respects.

22         **A.     California Tort Claims Act**

23     The "California Tort Claims Act ["CTCA"] requires, as a condition precedent to suit
24 against a public entity, the timely presentation of a written claim and the rejection of the claim in
25 whole or in part."  Mangold v. California Public Utilities Com'n, 67 F.3d 1470, 1477 (9th Cir.
26 1995).  Plaintiffs "must allege compliance or circumstances excusing compliance" in the
27 complaint.  Id.  Plaintiffs cannot satisfy this requirement by relying on "mere legal conclusion."
28 Cardenas v. Cnty. of Tehama, 476 F.Supp.3d 1055, 1070 (E.D. Cal. 2020).

4

Here, the second amended complaint acknowledges that defendant CCHA is a public entity.  (Sec. Am. Compl. (ECF No. 19) at 2.)  The second amended complaint does not allege compliance or circumstances excusing compliance with the CTCA.  Instead, the second amended complaint asserts that "[s]ubstantial compliance has been met[.]"  (Sec. Am. Compl. (ECF No. 19) at 19.)

"Where a claimant has attempted to comply with the claim requirements but the claim is deficient in some way, the doctrine of substantial compliance may validate the claim if it substantially complies with all of the statutory requirements even though it is technically deficient in one or more particulars."  Connelly v. County of Fresno, 146 Cal.App.4th 29, 38 (2006) (quotation omitted).  Substantial compliance will only be found when there is some compliance with all of the statutory requirements and the partial compliance was sufficient to constitute substantial compliance.  City of San Jose v. Superior Court, 12 Cal.3d 447, 456-57 (1974).

Here, the second amended complaint does not allege that there was some compliance with all the requirements of the CTCA.  See Bagdasaryan v. City of Los Angeles, Case No. 2:15-cv-1008 JLS (KES), 2020 WL 2770193, at *4 (C.D. Cal. Feb. 4, 2020) ("To meet the test for substantial compliance, there must be some compliance with all of the statutory requirements."). The second amended complaint simply asserts that there has been substantial compliance because defendant CCHA "has been aware of the situation since the start" of the first unlawful detainer action.  (Sec. Am. Compl. (ECF No. 19) at 19.)  However, "[i]t is well-settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim."  City of Stockton v. Superior Court, 42 Cal.4th 730, 738 (Cal. 2007) (quotation omitted).

Accordingly the state tort claims against defendant CCHA should be dismissed.

**B.    Malicious Prosecution**

"Malicious prosecution consists of initiating or procuring the arrest and prosecution of another under lawful process, but from malicious motives and without probable cause."  Sullivan v. County of Los Angeles, 12 Cal.3d 710, 720 (Cal. 1974).  Here, there are no allegations concerning arrest or prosecution.

5

1  Instead, plaintiffs may be attempting to allege a claim for the wrongful use of civil

2  proceedings, a tort that is a type of malicious prosecution claim.  However, to allege such a claim

3  plaintiffs must establish that: (1) the defendants were actively involved in bringing a lawsuit

4  against plaintiffs; (2) the lawsuit ended in plaintiffs favor; (3) no reasonable person in defendants'

5  position would have believed there were reasonable grounds to bring the lawsuit; (4) defendants

6  acted primarily for a purpose other than succeeding on the merits; and (5) defendants' conduct

7  was a substantial factor in causing harm to plaintiffs.  See Acres Bonusing, Inc. v. Ramsey, Case

8  No. 19-cv-5418-WHO, 2022 WL 17170856, at *5 (N.D. Cal. Nov. 22, 2022).

9  Here, the second amended complaint does not contain allegations setting forth these

10  requirements.  In this regard, as noted above, the events at issue concern two unlawful detainer

11  actions.  The second unlawful detainer resulted in a judgment against plaintiff Rivera and in

12  defendants' favor.[6]  (Id. at 3.)  Thus, it cannot be said that the second unlawful detainer action

13  ended in plaintiffs' favor.

14  The first unlawful detainer action was voluntarily dismissed by the defendants.

15  Establishing that the prior lawsuit ended in plaintiffs' favor requires a showing that the

16  termination reflects "the merits of the action and the plaintiff[s]' innocence of the misconduct

17  alleged in the lawsuit."  Siebel v. Mittlesteadt, 41 Cal.4th 735, 741 (Cal. 2007).  "A voluntary

18  dismissal is presumed to be a favorable termination on the merits, unless otherwise proved to a

19  jury."  Sycamore Ridge Apartments, LLC v. Naumann, 157 Cal.App.4th 1385, 1400 (2007).

20  The second amended complaint, however, contains no allegations to support the assertion

21  that no reasonable person in defendants' position would have believed there were reasonable

22  grounds to bring the lawsuit or that the defendants acted primarily for a purpose other than

23  succeeding on the merits.  Instead, the second amended complaint simply asserts vague and

24  conclusory allegations, such as that the defendants lacked "probable cause to prosecute both

25  [unlawful detainer] cases," but "continued to do so with no regard to how their actions and

26

27  [6] According to defendants' motion to dismiss, defendant CCHA was awarded $35,0404.46. (Defs.' MTD (ECF No. 20) at 4.)

28

6

1    behavior would harm plaintiffs." (Sec. Am. Compl. (ECF No. 19) at 3.)  That the defendants

2    "conspired" against the plaintiffs.  (Id. at 7.)  And that the "defendants have committed conduct

3    which is extreme and outrageous" in connection with plaintiffs' "wrongful eviction.  (Id. at 23.)

4        The second amended complaint also asserts that the dismissal of the first unlawful

5    detainer action "indicated the innocence of the plaintiffs[.]"  (Id. at 11.)  However,

6         the law favors the early resolution of disputes, including voluntary
         dismissal of suits when the plaintiff becomes convinced he cannot
7         prevail or otherwise chooses to forego the action.  This policy would
         be ill-served by a rule which would virtually compel the plaintiff to
8         continue his litigation in order to place himself in the best posture for
         defense of a malicious prosecution action.
9

10   Estate of Tucker ex rel. Tucker v. Interscope Records, Inc., 515 F.3d 1019, 1036 (9th Cir. 2008)

11   (quoting Leonardini v. Shell Oil Co., 216 Cal.App.3d 547, 571 (1989)).

12       Accordingly, defendants' motion to dismiss this claim should be granted.

13       **C.     Breach of Contract**

14       The second amended complaint alleges that defendant "CCHA owed a duty to plaintiffs to

15   act in good faith and deal fairly[.]"  (Sec. Am. Compl. (ECF No. 19) at 22.)  Plaintiffs' breach of

16   contract claim, however, is barred by plaintiffs' failure to comply with the CTCA.[7]  See City of

17   Stockton, 42 Cal.4th at 738 ("Contract claims fall within the plain meaning of the requirement

18   that 'all claims for money or damages' be presented to a local public entity.").

19       Moreover, the elements of a cause of action for breach of contract are: (i) existence of the

20   contract, (ii) plaintiff's performance or excuse for nonperformance, (iii) defendant's breach, and

21   (iv) resulting damages to the plaintiff.  Oasis West Realty, LLC v. Goldman, 51 Cal. App. 4th

22   811, 821 (2011) (citing Reichert v. General Ins. Co., 68 Cal. 2d 822, 830 (1968)).  Here, the

23   second amended complaint alleges that after plaintiffs received "a 3-day notice," plaintiffs

24   attempted to make a partial payment, but that payment was refused "until the full amount due is

25   ////

26   _____

27   [7] Plaintiffs' claims for the intentional and negligent infliction of emotional distress against
     defendant CCHA are also barred for failure to comply with the CTCA.  See Green v. Betz, No. C
     13-1671 MMC, 2013 WL 5353051, at *3 (N.D. Cal. Sept. 24, 2013); Tabi v. Ortega, Case No.
28   CV 09-493 DMG (JC), 2011 WL 13213884, at *5 (C.D. Cal. May 24, 2011).

1   paid." (Sec. Am. Compl. (ECF No. 19) at 6.)  The second amended complaint does not establish

2   that the parties' contract allowed for the submission of partial payments or that it barred

3   defendants from collecting late fees and utility payments.  To the contrary, the second amended

4   complaint acknowledges that "late fees" were a part of the parties' contract.  (Id. at 5, 7.)  In this

5   regard, the second amended complaint acknowledges that plaintiffs failed to perform under the

6   terms of the contract.

7            Accordingly, defendants' motion to dismiss this claim should be granted

8            **D.       Intentional Infliction of Emotional Distress**

9            The second amended complaint attempts to asserts a cause of action for the intentional

10  infliction of emotional distress, alleging that the defendants tried "to force plaintiffs to

11  involuntarily vacate their rented residence" through the unlawful detainer actions and "used the

12  pro se status of the Plaintiffs to their advantage[.]" (Sec. Am. Compl. (ECF No. 19) at 23.)

13           "A cause of action for intentional infliction of emotional distress exists when there is (1)

14  extreme and outrageous conduct by the defendant with the intention of causing, or reckless

15  disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or

16  extreme emotional distress; and (3) actual and proximate causation of the emotional distress by

17  the defendant's outrageous conduct."  Hughes v. Pair, 46 Cal.4th 1035, 1050 (Cal. 2009).

18  "Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in

19  a civilized community."  Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 1001 (Cal. 1993).

20           Here, even assuming *arguendo* that the allegations found in the second amended

21  complaint were true, the conduct alleged cannot be characterized as extreme or outrageous.  See

22  Aguinaldo v. Ocwen Loan Servicing, LLC, No. 5:12-CV-1393 EJD, 2012 WL 3835080, at *7

23  (N.D. Cal. Sept. 4, 2012) (citing Davenport v. Litton Loan Servicing, LP, 725 F.Supp.2d 862, 884

24  (N.D. Cal. 2010)) ("courts have found as a matter of law that foreclosing on property does not

25  amount to the 'outrageous conduct' required to support a claim for intentional infliction of

26  emotional distress.").

27           Accordingly, defendants' motion to dismiss this claim should be granted.

28  ////

                                        8

1    **E.     Negligent Infliction of Emotional Distress**

2    Under California law, a claim for the negligent infliction of emotional distress is based on

3    a negligence claim.  See Potter, 6 Cal.4th at 984 ("there is no duty to avoid negligently causing

4    emotional distress to another, and that damages for emotional distress are recoverable only if the

5    defendant has breached some other duty to the plaintiff").  "The elements of a negligence cause of

6    action are: (1) the existence of a duty to exercise due care; (2) breach of that duty; (3) causation;

7    and (4) damages."  Dougherty v. Bank of America, N.A., 177 F.Supp.3d 1230, 1249 (E.D. Cal.

8    2016) (citing Merrill v. Navegar, Inc., 26 Cal.4th 465, 500 (Cal. 2001).

9    Here, the second amended complaint fails to allege the elements of a negligence claim.

10   Instead, the second amended complaint simply alleges in a vague and conclusory manner that the

11   defendants "were negligent and carless of the probability that their acts would cause plaintiffs

12   severe emotional and psychological distress and anguish."  (Sec. Am. Compl. (ECF No. 19) at

13   23.)  The allegations found in the second amended complaint, however, fail to establish any

14   wrongful act on the part of either defendant or that either defendant breached a duty of care.

15   Accordingly, defendants' motion to dismiss should also be granted as to this claim.

16   **II.     Leave to Amend**

17   The undersigned has carefully considered whether plaintiffs may further amend the

18   complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to

19   amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

20   Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake

21   Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

22   while leave to amend shall be freely given, the court does not have to allow futile amendments).

23   Here, in light of the defects noted above and plaintiffs' prior inability to successfully

24   amend, the undersigned finds that granting plaintiffs further leave to amend would be futile.

25   **CONCLUSION**

26   Accordingly, IT IS HEREBY ORDERED that plaintiffs' January 23, 2023 motion to

27   dismiss a party (ECF No. 18) is denied as having been rendered moot.

28   ////

9

1       Also, IT IS HEREBY RECOMMENDED that:

2       1.  Defendants' February 16, 2023 motion to dismiss (ECF No. 20) be granted;

3       2.  The second amended complaint filed January 23, 2023 (ECF No. 20) be dismissed

4 without further leave to amend; and

5       3.  This action be closed.

6       These findings and recommendations are submitted to the United States District Judge

7 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8 after being served with these findings and recommendations, any party may file written

9 objections with the court and serve a copy on all parties.  Such a document should be captioned

10 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

11 shall be served and filed within fourteen days after service of the objections.  The parties are

12 advised that failure to file objections within the specified time may waive the right to appeal the

13 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14 Dated:  June 20, 2023

15

16

17 DEBORAH BARNES
      UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22 DLB:6
DB\orders\orders.pro se\rivera0346.mtd.f&rs

23

24

25

26

27

28

10