UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE RIVERA, CARMEN MARTINEZ,<br><br>Plaintiffs,<br><br>v.<br><br>GREENE, FIDLER & CHAPLAN, LLP, et al.,<br><br>Defendants. | No. 2:22-cv-00346-DJC-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiffs proceed pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21). Before the Court is Defendant's Motion to Dismiss (ECF No. 32). The Court recommends that the Motion to Dismiss be DENIED and the matter be referred to the undersigned for further proceedings including the setting of a scheduling conference.

**I.     Background and Procedural History**

Plaintiffs filed their Complaint pro se on February 22, 2022. Plaintiffs allege they are citizens of, and domiciled in, Idaho. ECF No. 1 at 1. Plaintiffs named as Defendants the California Community Housing Agency ("CCHA"), AMFP III Verdant, LLC ("AMFP"), and law firm Greene, Fidler & Chapman, LLP. *Id.* at 1-2. Plaintiffs allege they were the residential tenants of a property in Fairfield, California (the "Property") and that in August of 2019, CCHA became the owner of the premises. *Id.* at 2. Plaintiffs' complaint concerned the landlord-tenant relationship and claimed that AMFP imposed improper fees and instituted unlawful detainer

1

1  proceedings. *Id.* at 3-7.  Plaintiff's original complaint brought the following causes of action: 1) retaliation; 2) malicious prosecution; 3) breach of contract; and 4) "restitution of security deposit." *Id.* at 8-11.  Plaintiff sought over $4 million dollars in damages, although the monthly rent for the Property was alleged to be less than $2,500.  ECF No. 1 at ¶ 13.

Plaintiffs then filed a first amended complaint ("FAC").  ECF No. 3.  The FAC named the same Defendants and contained the same four causes of action.  Defendants filed a motion to dismiss the FAC.  ECF No. 5.  Magistrate Judge Barnes granted the motion and provided Plaintiff with leave to file a second amended complaint ("SAC").  ECF No. 17.  Judge Barnes found the amended complaint contained "vague, conclusory, and conspiratorial allegations."  ECF No. 17 at 4.  The Order advised that Plaintiff's claim for malicious prosecution failed, but that they may be attempting to assert a claim for wrongful use of civil proceedings. *Id.* at 5.  Plaintiffs were granted leave to amend and cautioned that their conclusory assertions were insufficient and they must allege facts supporting a plausible claim. *Id.* at 7.

On January 23, 2023, Plaintiffs filed a SAC.  ECF No. 19.  The SAC dropped AMFP as a Defendant and alleged that CCHA through its law firm, Greene, Fidler, & Chapman ("Greene Fidler") had initiated two improper unlawful detainer actions against them.  The SAC asserted four causes of action: 1) malicious prosecution; 2) breach of contract and covenant of good faith and fair dealing; 3) intentional infliction of emotional distress; and 4) negligent infliction of emotional distress.  ECF No. 19 at 19-23.  Plaintiffs also amended the request for relief and instead of requesting over $4 million in damages asked for "restitution of the $700 security deposit and $2,200 bad faith penalty" and "statutory damages of $2,000 per retaliatory act per day it continued." *Id.* at 24.

Defendants moved to dismiss the SAC (ECF No. 27) and Magistrate Judge Barnes recommended granting the motion and dismissing the action without further leave to amend.  ECF No. 28.  The Findings and Recommendations were adopted in part, with District Judge Calabretta granting the motion to dismiss, but finding that Plaintiffs "should be given one further opportunity to amend his complaint to assert a claim for wrongful use of civil proceedings".  ECF No. 29 at 2.

Plaintiffs filed a third amended complaint ("TAC") on November 1, 2023. ECF No. 30. The TAC drops CCHA as a Defendant, leaving only the law firm Greene Fidler. ECF No. 30 at 2. The TAC contains only one cause of action: wrongful use of civil proceedings. *Id.* at 12. On November 21, 2023, Plaintiffs filed a request for the Clerk to enter default under Rule 55(a). ECF No. 31. Defendants filed a motion to dismiss on November 30, 2023. ECF No. 32.[1] Magistrate Judge Barnes took the motion to dismiss under submission on January 17, 2024. ECF No. 37. Magistrate Judge Barnes subsequently retired, and the matter was reassigned to the undersigned on August 6, 2024. ECF No. 38.

## II.   Legal Standard on a Motion to Dismiss

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true all well-pleaded factual allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1086 (9th Cir. 2020). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."

---

[1] On December 5, 2023, the Clerk entered default against Defendant Greene Fidler. ECF No. 35. However, Plaintiffs never moved for entry of default judgment.

*Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### III.  Defendant Greene Fidler's Motion to Dismiss

#### A.  Relevant Facts

According to the allegations in the TAC, Greene Fidler filed two unlawful detainer actions against Plaintiffs. It appears that the unlawful detainer actions concerned Plaintiffs' alleged failure to pay rent for their unit at the Property from September 2019 to February 2020, and Plaintiffs contentions that the Property's owner refused to accept a payment that they tendered. ECF No. 30 at ¶¶ 23-26 & Ex. I. On September 17, 2019, Greene Fidler commenced the first unlawful detainer action, in which AMFP was the plaintiff. ECF No. 30 at ¶ 29 & Ex. G.[2] However, at the time that lawsuit commenced, AMFP had already transferred the deed of trust for the Property to CCHA. *Id*. at ¶ 29. Greene Fidler filed a first amended complaint in that action on October 3, 2019, which "still falsely claim[ed] that AMFP was the owner entitled to possession." *Id*. at ¶ 31. The parties to that action subsequently engaged in litigation concerning the propriety of service, whether default should be entered, and whether a demurer should be granted. *Id*. at ¶¶ 33-49. On February 7, 2020, Plaintiffs filed an answer in that action. Plaintiffs specifically included the affirmative defense that AMFP "lacks standing to sue, in that it sold the premises prior to filing this action, and does not have the right to possession of the premises if it prevailed." *Id*. at ¶ 49. Greene Fidler voluntarily dismissed the first unlawful detainer action without prejudice on February 13, 2020, a dismissal that Plaintiffs allege was "on the face of the Answer." *Id.* at ¶ 50.

Greene Fidler then commenced the second unlawful detainer action, in which CCHA was the plaintiff, on February 25, 2020. *Id.* at ¶ 55. In that second action, Greene Fidler obtained a default judgment against Plaintiff Rivera. *Id.* at ¶ 57. The TAC includes a copy of that Solano

---

[2] Plaintiffs attach the docket sheet from the state court unlawful detainer action to the TAC and state that the Court may take judicial notice of it. ECF 30 at ¶ 28.

1  County Superior Court judgment entered on February 5, 2022 in favor of CCHA and against Rivera
2  for the amount of $35,040.[3]  ECF No. 30 at 72-73.

### B. The Parties' Arguments

Defendant's motion to dismiss the TAC argues that the deficiencies in the prior pleadings have not been cured.  Defendant argues the TAC is "convoluted, nonsensical, and based on alleged facts that do not substantiate a cause of action." ECF No. 32 at 5.  Defendant argues that voluntary dismissal of the first unlawful detainer action due to a "clerical error in the document" does not amount to a favorable termination for Plaintiffs.  *Id.*  Defendant contends the second unlawful detainer action ended favorably to CCHA in a judgment in the amount of $35,040.[4]  *Id*. at 4.

Defendant also contends that the TAC does not establish diversity of citizenship jurisdiction.  *Id.* at 7.  Defendant suggests it could prove any damages suffered by Plaintiffs would not exceed $75,000, but offers no evidence in support of this argument.  *Id.* at 8.  Defendant also argues that Plaintiffs fail to allege sufficient facts to support the elements of a claim for wrongful use of civil proceedings.  *Id.* at 9-11.

Plaintiffs' opposition argues that the motion to dismiss was untimely under Federal Rule of Civil Procedure 15 and requests the Court strike the motion.  ECF No. 36 at 2.  Plaintiffs contend, as to the jurisdictional argument, that Defendant relies on the wrong statute and case law concerning jurisdiction and misapplies the burden of proof.  *Id.* at 6-7.  Plaintiffs generally argue that they have stated a claim for wrongful use of civil proceedings, but their briefing does not set forth the elements of such claim.  *Id*. at 7-13.

### C. Analysis

#### 1. Defendant's Motion was Untimely but Will be Considered

Pursuant to Federal Rule of Civil Procedure 15(a)(3) a response to an amended pleading is due within 14 days after service unless the court orders otherwise.  Rule 12(b) provides that "[a]

---

[3] Plaintiffs allege that CCHA was initially unaware of Superior Court's entry of default judgment, given that CCHA, through Greene Fidler, filed a "Request for Dismissal" on March 7, 2022. ECF No. 30 at ¶ 66 & Ex. K.  Plaintiffs allege the court returned the motion to dismiss "indicating a judgment was already entered." *Id.* at ¶ 66

[4] The state court judgment is attached to the TAC at ECF No. 30 pages 72-73.

motion asserting" any of several defenses, including "failure to state a claim upon which relief can be granted," "must be made before pleading if a responsive pleading is allowed." Plaintiffs filed the TAC on November 1, 2023, and a response was due no later than November 15, 2023. Defendant did not file the motion to dismiss until November 30, 2023. This was after Plaintiffs had requested the Clerk to enter default on November 21, 2023, but before the Clerk entered default on December 5, 2023.[5] ECF No. 35. Plaintiffs request that the Court strike the motion to dismiss (ECF No. 36 at 2).

Here Defendant has not failed to plead or otherwise defend the action. Defendant has filed two prior motions to dismiss that were granted. The Court declines Plaintiffs' request to strike the motion and will consider the motion to dismiss on the merits.

### 2. Wrongful Use of Civil Proceedings

Under California law, the elements of wrongful use of civil proceedings are: 1) the defendant were actively involved in bringing a lawsuit against the plaintiff; 2) the lawsuit ended in the plaintiff's favor; 3) no reasonable person in the defendant's position would have believed there were reasonable grounds to bring the lawsuit; 4) the defendant acted primarily for a purpose other than succeeding on the merits; and 5) the defendant's conduct was a substantial factor in causing harm to the plaintiff. ECF No. 29 at 2 (citing *Acres Bonusing Inc. v. Ramsey*, 2022 WL 17170856 at *5 (N.D. Cal. Nov. 22, 2022).

The **first element** appears undisputed. Defendant filed the unlawful detainer lawsuit on behalf of the landlord.

The **second element** concerns whether the lawsuit ended in Plaintiffs' favor. As noted above, the TAC alleges two unlawful detainer actions filed by Greene Fidler against Plaintiffs. On September 17, 2019, Greene Fidler commenced the first unlawful detainer action, in which AMFP

---

[5] While Plaintiff have not moved for default judgment, the Court notes that even when a defendant's answer or responsive pleading is untimely, the court is not required to enter a judgment by default. "A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)); *see* Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

was the plaintiff. ECF No. 30 at ¶ 29 & Ex. G. Greene Fidler voluntarily dismissed the first unlawful detainer action without prejudice on February 13, 2020. *Id.* at ¶ 50. Greene Fidler then commenced the second unlawful detainer action, in which CCHA was the plaintiff, on February 25, 2020. *Id.* at ¶ 55. In that second action, Greene Fidler obtained a default judgment against Plaintiff Rivera. *Id.* at ¶ 57. Plaintiffs concede in the TAC that the second unlawful detainer "is not a favorable termination for plaintiffs given the judgment" against Rivera. ECF No. 30 at 10 n.3. Thus, the issue is whether the instant action can proceed on the basis that the first unlawful detainer action was voluntarily dismissed.

Neither party presented adequate briefing on this point. Defendant states: "There is no case law or statutory authority to support this flawed assertion." ECF No. 32 at 5. While Plaintiffs in opposition do not offer any authority (ECF No. 36), it does appear that there is ample authority for the proposition that under California law a voluntary dismissal is a favorable termination for the party being sued. In the analogous context of a malicious prosecution claim, "a voluntary dismissal is presumed to be a favorable termination on the merits." *Lee v. Kim*, 41 Cal.App.5th 705, 720 (Cal. Ct. App. 2019). However, in order to be favorable, "the termination must reflect on the merits of the action and the plaintiff's innocence of the misconduct alleged in the lawsuit." *Id.* Other courts have stated a voluntary dismissal "will, in general, constitute a favorable termination," but the "reasons for the dismissal of the action must be examined to determine whether the termination reflected on the merits." *Maleti v. Wickers*, 82 Cal.App.5th 181, 205 (Cal. Ct. App. 2022); *see also Kennedy v. Byrum*, 201 Cal.App.2d 474, 480 (Cal. Ct. App. 1962) (finding voluntary dismissal can constitute a favorable termination because "[i]t is sufficient" that the former action "was disposed of in such a manner as to require the plaintiff to institute another action to try the issues presented"). Given that the body of law on malicious prosecution establishes that a voluntary dismissal can be a favorable termination, and that malicious prosecution and wrongful use of civil proceedings are analogous, the undersigned finds that Plaintiffs' allegation of voluntary dismissal of the first action is sufficient to meet the second

////

////

7

1  element.⁶ Through further factual development, the parties can dispute whether the voluntary
2  dismissal reflected on the merits, or as Defendant seems to contend, it was due to a
3  misnomer/clerical error.
4      As to the **third element**, whether a reasonable person in defendant's position would have
5  believed there were reasonable grounds to bring the lawsuit. Plaintiffs allege that the first
6  unlawful detainer action was brought in the name of AMFP even though AMFP had sold the
7  Property three weeks before, and therefore was not the real party in interest and did not have
8  standing. ECF No. 30 at ¶¶ 71-74. Plaintiffs allege that the attorney at Greene Fidler had over 40
9  years experience and "knew he had a particular duty under Bar rules not to prosecute a case
10 which he knew or should have known lacked merit." *Id.* at ¶ 72. Plaintiffs allege that Defendant
11 maintained AMFP as plaintiff in the underlying action for over five months – a period of time that
12 included an amended complaint, five hearings, and the premature entry of default. *Id.* at ¶ 75.
13 This is sufficient at the pleading stage to satisfy the third element.
14     For the **fourth element**, that Defendant acted for a purpose other than succeeding on the
15 merits, Plaintiffs allege that a malicious purpose can be inferred from the fact that Defendant's
16 experienced attorneys maintained the lawsuit for over five months on behalf of a plaintiff without
17 standing. *Id.* at ¶¶ 78-80. Plaintiffs cite case law for the proposition that malice can be inferred
18 when a party continues to prosecute an action after becoming aware that it lacks probable cause.
19 *Id.* at ¶ 82 citing *Cuevas-Martinez v. Sun Salt Sand, Inc.*, 35 Cal.App.5th 1109, 1122 (Cal. Ct.
20 App. 2019) ("Malice can be inferred when a party continues to prosecute an action after
21 becoming aware that the action lacks probable cause."). Defendant's motion offers little specific

---

⁶ As explained by a judge of this Court, wrongful use of civil proceedings is in substance malicious prosecution in a civil proceeding, "Although the tort is usually called 'malicious prosecution,' the word 'prosecution' is not a particularly apt description of the underlying civil action. The Restatement [2d, Torts] uses the term 'wrongful use of civil proceedings' to refer to the tort." *Huy Thanh Vo. v. Nelson & Kennard*, 931 F.Supp.2d 1080, 1097 (E.D. Cal. 2013) (internal citation omitted). The California Supreme Court has stated: "The common law tort of malicious prosecution originated as a remedy for an individual who had been subjected to a maliciously instituted criminal charge, but in California, as in most common law jurisdictions, the tort was long ago extended to afford a remedy for the malicious prosecution of a civil action." *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal.3d 863, 871 (1989).

argument on this point, arguing merely in conclusory fashion that the allegations are insufficient, and making the factual argument that Plaintiffs had failed to pay rent and CCHA sought to enforce the lease.  ECF No. 32 at 11.  Arguing that CCHA sought to enforce the lease does not address the first unlawful detainer action where AMFP was the plaintiff.  Moreover, such argument does not explain why CCHA sought to voluntarily dismiss the second action and was stopped from doing so only by virtue of the fact that the Superior Court had—somewhat inexplicably, given the procedural posture at that point—already entered default in favor of CCHA.  ECF No. 30 at ¶ 66 & Ex. K at 69-71.  Further, Defendant did not file a reply brief to address Plaintiffs' argument that malice can be inferred from continuing to pursue the first action for over five months.

**Finally, as to the fifth element**, whether Defendant's conduct was a substantial factor in causing harm, Plaintiffs allege that they suffered harm from having to defend two unlawful detainer actions that lasted in total more than two years.  ECF No. 30 at ¶ 85.  Defendant offers little to challenge this element, other than stating that the allegations are "vague" or "unintelligible".  ECF No. 32 at 9-10.  Defendant argues that paragraph 90 of the TAC is vague, but that paragraph concerning damages states that Plaintiffs have suffered "emotional upset from harassment," anxiety, "ruination of their credit" and litigation expenses.

The California Supreme Court has stated that torts such as malicious prosecution and wrongful use of civil proceedings are "disfavored both because of its potential to impose an undue chilling effect on the ordinary citizen's willingness to report criminal conduct or to bring a civil dispute to court and because, as a means of deterring excessive and frivolous lawsuits, it has the disadvantage of constituting a new round of litigation itself."  *Zamos v. Stroud*, 87 P.3d 802, 807 (Cal. 2004).  The Court is mindful of this concern, but finds that Plaintiffs have stated a claim.  It may ultimately be difficult for Plaintiffs' to prove their allegations, given that the second unlawful detainer action did not terminate in their favor.  But as to the first action, Plaintiffs have adequately alleged a favorable termination and otherwise stated a claim under the remaining elements.  The undersigned recommends the motion to dismiss for failure to state a claim be denied.

### 3. Diversity Jurisdiction

Defendant argues that the TAC does not establish diversity jurisdiction. ECF No. 32 at 7-8. However, the TAC pleads there is diversity of citizenship and seeks more than $75,000 in damages. ECF No. 30 at ¶¶ 1-2. Specifically, the TAC seeks over $900,000 in damages. ECF No. 30 at 15. Defendant does not seem to dispute there is diversity of citizenship, but argues the amount in controversy is not met.

When a complaint is filed initially in federal court, as it was here, "the amount in controversy is determined from the face of the pleadings." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). The amount alleged in the complaint controls so long as the claim is made in good faith. *Id.* "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. "A legal certainty exists when a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement." *Chey v. Orbitz Worldwide*, 983 F.Supp.2d 1219, 1230 (D. Hawaii 2013) (internal citation and quotation omitted).

Defendant argues that potential damages do not come close to $75,000 because the judgment in the unlawful detainer action was $35,040, the security deposit was $700, and under the lease attorney fees are capped at $1,500. ECF No. 32 at 8. Defendant seems to ignore that the prayer for damages seeks punitive damages and that punitive damages are recoverable for the tort of wrongful use of civil proceedings. See *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal.3d 863, 871 (1989) (jury awarded $82,000 in compensatory and $1 million in punitive damages on malicious prosecution claim); *Callanan v. Cook*, 2011 WL 6156984 (Cal Ct. App. 2011) (awarding punitive damages on wrongful use of civil proceedings claim).[7] Given the potential for an award of punitive damages, if Plaintiffs were ultimately successful on their claims, the Court cannot find to a legal certainty that the amount in controversy is not met.

////

////

---

[7] The *Callanan* court also noted: "The term 'wrongful use of civil proceedings' is used to refer to the tort commonly known as 'malicious prosecution.'" *Id.* at n. 6.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Dismiss (ECF No. 32) be DENIED, and
2. The matter be referred back to the undersigned for a status/scheduling conference.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 24, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE