UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE RIVERA, CARMEN MARTINEZ,<br><br>Plaintiffs,<br><br>v.<br><br>GREENE, FIDLER & CHAPLAN, LLP,<br><br>Defendant. | No. 2:22-cv-00346-SCR<br><br><u>ORDER</u> |

The parties have consented to the jurisdiction of a United States Magistrate Judge for all further proceedings. 28 U.S.C. § 636(c)(1); ECF No. 54. Before the Court is Plaintiffs' Motion to Strike Affirmative Defenses (ECF No. 66). Opposition and reply briefs were filed. ECF Nos. 65 & 67. The motion was submitted to the Court without oral argument. The Court now GRANTS the motion in part as set forth herein.

**I.   Background and Procedural History**

The parties are familiar with the procedural history of this action, which is set forth in greater detail in prior orders. *See* ECF No. 39 at 1-3. Relevant to the instant motion, on February 25, 2025, this Court issued Findings and Recommendations ("F&R") that Defendant's motion to dismiss the third amended complaint ("TAC") be denied. ECF No. 39. Judge Calabretta adopted the F&R on March 24, 2025. ECF No. 44. Under Federal Rule of Civil Procedure 12(a)(4)(A),

Defendant's Answer was due within 14 days.  At the May 1, 2025 scheduling conference, the Court raised the issue that an Answer was not on file.  The Scheduling Order stated: "Defendant did not file an Answer within the 14-day time frame provided by Rule 12(a)(4)(A) after denial of the motion to dismiss, though counsel for Defendant indicated an intent to file such Answer forthwith."  ECF No. 57 at 1.  On May 28, 2025, this Court issued an Order directing Defendant to file an answer within seven days or the Court could consider appropriate sanctions, including the entry of default judgment.  ECF No. 59.  Later that day, Defendant filed an Answer.  ECF No. 60.  Plaintiffs then filed a motion to strike affirmative defenses, which has been fully briefed.

## II. Legal Standard for a Motion to Strike

Rule 12(f) states that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "The function of a 12(f) motion to strike is to avoid expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft, Co*., 618 F.3d 970, 973 (9th Cir. 2010).  "While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT&T Pension Ben. Plan*, 718 F.Supp.2d 1167, 1170 (N.D. Cal. 2010); see also *Bakersfield Pipe & Supply v. Cornerstone Valve, LLC*, 2015 WL 4496349, *2 (E.D. Cal. July 23, 2015) (Generally, motions to strike are "disfavored and infrequently granted.").

An affirmative defense may be insufficient either as a matter of law or as a matter of pleading. *Chock v. Stryker Corp*., 2025 WL 1797933, *1 (E.D. Cal. June 30, 2025).  "Legal insufficiency means that the affirmative defense lacks merit under any set of facts the defendant might allege.  Pleading insufficiency means a failure to provide the plaintiff with fair notice." *Id*. (internal citation and quotation omitted).  In regard to the pleading standard for affirmative defenses, the Ninth Circuit has seemingly continued to apply a "fair notice" standard after the

////

////

Supreme Court's decisions in *Twombly* and *Iqbal*.[1] *See Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) ("[T]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'"). Some courts have applied the more demanding Rule 12(b)(6) standard when considering motions to strike affirmative defenses. *See, e.g.*, *Goobich v. Excelligence Learning Corp.*, 2020 WL 1503685, at *2 (N.D. Cal. Mar. 30, 2020) ("[T]he courts in [the Northern District] have generally applied the *Twombly/Iqbal* pleading standard to affirmative defenses.") (collecting cases).

### III.   Plaintiffs' Motion to Strike

Plaintiffs request that the Court strike each of Defendant's eleven affirmative defenses. ECF No. 66 at 1. Plaintiffs argue the defenses do not provide fair notice in that they fail to plead any factual basis. *Id.* at 6-7. Plaintiffs acknowledge that "fair notice" is not a demanding standard, but argue that Defendant has failed to meet it. Plaintiffs argue that they cannot assess what discovery is needed and that they will be prejudiced if required to "conduct unnecessary and irrelevant discovery" on the insufficient affirmative defenses. *Id.* at 8-9. Plaintiffs' motion offers argument as to why they believe each of the eleven affirmative defenses is insufficient. *Id.* at 9-14.

Defendant's opposition is a brief few pages and argues only that its affirmative defenses comply with the pleading requirements of Rule 8. ECF No. 65 at 3-4. The opposition cites to no case law, and does not set forth the applicable legal standard for evaluating an allegedly "insufficient defense" under Rule 12(f). Plaintiffs in reply point out that Defendant did not specifically respond to the arguments concerning the eleven affirmative defenses, and the Court should construe this as a "de facto concession." ECF No. 67 at 3. The Court does not find the motion conceded.

As stated above, and affirmative defense is insufficiently pled if it fails to provide a plaintiff with fair notice. Fair notice "requires the defendant state the nature and grounds for the affirmative defense," and although it is a "low bar," it does require "some factual basis" for the

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), establishing a "plausible on its face" standard as to allegations of a complaint.

affirmative defense. *Chock*, 2025 WL 1797933 at *1 (internal citation and quotation omitted). "Generally, simply referring to a doctrine or statute is insufficient to afford fair notice." *Id.*; see also *United States v. Peters*, 2024 WL 4480190, *2 (E.D. Cal. Oct. 11, 2024) ("The law does not require extensive pleading of affirmative defenses. However, defendants must provide more than bare boilerplate references to various doctrines."). With these standards in mind, the Court will evaluate each of the 11 affirmative defenses. Each affirmative defense is a mere sentence in length and the defenses largely consist of what could be characterized as boilerplate references to various doctrines.

### 1. First Affirmative Defense: Failure to State a Claim

Defendants' first affirmative defense states in its entirety: "The Third Amended Complaint fails to state a claim upon which relief may be granted." ECF No. 60 at 6. Failure to state a claim asserts a defect in a plaintiff's prima facie case, it is "not appropriately alleged as an affirmative defense." *Chock*, 2025 WL 1797933 at *2. Additionally, the Court has already denied a motion to dismiss based on failure to state a claim. This affirmative defense is stricken without leave to amend.

### 2. Second: Statute of Limitations

Defendant states: "Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations." ECF No. 60 at 6. This defense fails to identify the relevant statute of limitations and is inadequately pled. See *Chock*, 2025 WL 1797933 at *2 citing *Crook v. San Bernardino County Sheriff's Dep't*, 2024 WL 3469042, at *4 (C.D. Cal. June 13, 2024) (collecting cases striking affirmative defenses that simply state that the action is "barred by the applicable statutes of limitations" without identifying the specific statute). This defense is stricken with leave to amend.

### 3. Third: Punitive/Liquidated Damages

Defendant asserts that Plaintiffs are not entitled to punitive/liquidated damages. Plaintiffs argue this is not a true affirmative defense as it is really an argument that Plaintiffs cannot prove they are entitled to punitive or liquidated damages. ECF No. 66 at 9-10. There is some support for Plaintiffs' argument. See for example *Roe v. City of San Diego*, 289 F.R.D.

604, 610 (S.D. Cal. 2013) ("[D]enial of [liability for] punitive damages is not an affirmative defense, but rather is an assertion that Plaintiff has not proved essential elements of [his] claim."). Regardless of whether it is a true affirmative defense, it is an issue in this matter as punitive damages are potentially recoverable for the tort of wrongful use of civil proceedings. See *Callanan v. Cook*, 2011 WL 6156984 (Cal Ct. App. 2011) (awarding punitive damages on wrongful use of civil proceedings claim). There is no prejudice to Plaintiff from the assertion of the issue of punitive damages as an affirmative defense. Plaintiffs motion is denied as to this defense.

### 4. Fourth: Mitigation

Plaintiffs argue this defense is insufficiently pled as Defendant did not "provide what damages Plaintiffs did not mitigate and what reasonable actions Plaintiffs allegedly failed to take to mitigate." ECF No. 66 at 11. The Court agrees that this affirmative defense fails to set forth any factual basis, it states in its entirety: "Plaintiffs have failed to mitigate their alleged damages." See *Peters* at 2024 WL 4480190, *2 (striking affirmative defenses including "failure to mitigate damages" as inadequately pled where the answer "merely refer[s] to the name of each defense with no supporting allegations whatsoever."). This defense is stricken with leave to amend.

### 5. Fifth: Waiver, Estoppel, and/or Laches
### 6. Sixth: Accord and Satisfaction, Settlement and/or Release
### 7. Seventh: Novation
### 8. Eighth: Ratification
### 9. Ninth: Unclean Hands
### 10. Tenth: Res Judicata

Plaintiffs fifth through tenth affirmative defenses are all just a bare reference to a legal doctrine without asserting any factual basis or setting forth the nature and grounds for the defense. Accordingly, the motion to strike is granted as to these defenses. See *Aguilar v. Taylor*, 2024 WL 4804828, *2 (E.D. Cal. Nov. 15, 2024) (striking affirmative defense of res judicata as insufficiently pled) citing *G & G Closed Circuit Events, LLC v. Nguyen*, 2010 WL 3749284, at *2 (N.D. Cal. Sept. 23, 2010) (striking affirmative defenses—such as unclean hands, res judicata, collateral estoppel, and superseding events—for failure to provide "basic information" necessary

5

for fair notice to plaintiff); see also *Peters*, 2024 WL 4480190 (striking affirmative defenses of estoppel, ratification, unclean hands, and waiver and release as inadequately pled).

**11. Eleventh: Reserves Right to Assert More Defenses**

"[M]erely reserving the right to identify future defenses is not a proper affirmative defense." *Aguilar*, 2024 WL 4804828 at *4. Accordingly, this defense is stricken without leave to amend. See *Chock*, 2025 WL 1797933 at *3 ("reservation clause is not a proper affirmative defense and is stricken without leave to amend.").

### IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Strike (ECF No. 66) is GRANTED IN PART as set forth herein and DENIED only as to affirmative defense number three;

2. Defendant's affirmative defenses number one and eleven are stricken without leave to amend; Defendant's affirmative defenses two, four, five, six, seven, eight, nine, and ten are stricken with leave to amend;

3. If Defendant wishes to amend affirmative defenses two, four, five, six, seven, eight, nine, or ten, Defendant shall file an Amended Answer **within 10 days of the date of this order** which pleads a sufficient factual basis to provide fair notice of the affirmative defenses.

SO ORDERED.

DATED: August 6, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE